# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 6, 2012 Session

## STATE OF TENNESSEE v. RONALD EARL COOK

**Appeal from the Criminal Court for Giles County**
**Nos. 15423 & 15699    Stella Hargrove, Judge**

---

**No. M2012-00921-CCA-R3-CD - Filed February 27, 2013**

---

Defendant pled guilty to eleven counts of observation without consent, Class A misdemeanors, two counts of stalking, Class A misdemeanors, one count of phone harassment, a Class A misdemeanor, one count of theft of property worth less than $500, a Class A misdemeanor, and ten counts of criminal trespass, Class C misdemeanors. The defendant was sentenced to the maximum sentence on all counts—eleven months and twenty-nine days on each of the Class A misdemeanors and thirty days on each of the Class C misdemeanors. The trial court ordered the defendant to serve all sentences consecutively, for a total effective sentence of almost sixteen years. In addition, the trial court placed a special condition on each judgment that "further ordered that the defendant shall not receive good time credit or work release" on any of his sentences. On appeal, the defendant claims the trial court erred by ordering consecutive sentences and ordering that he not receive "good time" credit. After careful review of the record, we hold that the trial court did not abuse its discretion by ordering the defendant to serve all of his sentences consecutively. However, the trial court was without authority to order the denial of the defendant's statutory "good time" credit. Accordingly, we reverse the trial court's judgments with respect to the special condition directing that the defendant be denied "good time" credit and remand the case for entry of judgments deleting this special condition. We otherwise affirm the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**
**in Part, Reversed in Part, and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH AND ALAN E. GLENN, JJ., joined.

Claudia Jack, District Public Defender, and Richard H. Dunavant, Assistant Public Defender, for the appellant, Ronald Earl Cook.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney

General; Mike Bottoms, District Attorney General; and Larry Nichols, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

On May 11, 2011, the defendant was indicted on ten counts of criminal trespass in violation of Tennessee Code Annotated section 39-14-405, eleven counts of observation without consent in violation of Tennessee Code Annotated section 39-13-607, two counts of stalking in violation of Tennessee Code Annotated section 39-17-315, one count of phone harassment in violation of Tennessee Code Annotated section 39-17-308, and one count of theft of property with a value of $500 or less in violation of Tennessee Code Annotated section 39-14-103. The eleven counts of observation without consent were dismissed by the State on January 12, 2012, later brought again in a superseding indictment, and proceeded under a separate case number.

On February 21, 2012, the defendant pled guilty to all charges. A sentencing hearing was held on April 4, 2012. On April 16, 2012, the defendant was sentenced to the maximum term with respect to each conviction—eleven months and twenty-nine days on each of the fifteen Class A misdemeanors and to thiry days on each of the ten Class C misdemeanors. The trial court ordered all the defendant's sentences to be served consecutively, for a total effective sentence of fifteen years and nine and one-half months. In addition, the trial court further ordered that the defendant was not to receive "good time" credit or work release.

The defendant filed a notice of appeal on May 1, 2012. On June 13, 2012, the defendant filed a Statement of Evidence or Proceedings. The State filed "Objections" to the Defendant's Statement of the Evidence on June 27, 2012.

We are satisfied that the defendant's appeal is now properly before this court. We proceed to address his claims.

**ANALYSIS**

The defendant claims that the trial court erred by ordering him to serve all of his sentences consecutively and by ordering that he not receive his statutory "good time" credit. After carefully reviewing the record, we conclude that the trial court did not abuse its discretion by ordering the defendant to serve all of his sentences consecutively but did err by ordering the defendant to be denied "good time" credit. We reverse the portion of the

sentences directing that the defendant be denied "good time" credit and remand the case to the trial court for entry of orders deleting that requirement. The remainder of the judgments of the trial court are affirmed.

## I. CONSECUTIVE SENTENCING

The defendant claims that the trial court erred by ordering him to serve all twenty-five of his sentences consecutively. A trial court's in-range sentencing decisions are entitled to a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). It is undisputed that the defendant's sentences are within the permissible range. We review such sentences under an abuse of discretion standard. *Id.* We discern no abuse of discretion here.

No transcript of the defendant's sentencing hearing has been included in the record on appeal. The defendant filed a Statement of Evidence in the trial court, and the State filed "Objections" to that statement which in fact consist entirely of additional facts. There is no indication in the record concerning whether the trial court approved the Statement of Evidence as required by Tennessee Rule of Appellate Procedure 24(e). If the absence of such indication is the simple result of the trial court's failure to act upon the Statement of Evidence and related objections, the rules provide that the "transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court." Tenn. R. App. P. 24(f). However, on appeal, the defendant conceded to use the State's version of the evidence presented at sentencing, as contained in the State's list of "Objections." In light of our ignorance concerning what action, if any, the trial court may have taken with respect to the matter, and considering the fact that it is the defendant's responsibility to prepare an adequate record on appeal, *see* Tenn. R. App. P. 24(b), accepting this concession strikes us as an appropriate solution. Consequently, where any conflict exists, we accept the State's version of the evidence presented at the defendant's sentencing hearing as true for purposes of resolving the defendant's claims.

A "court may order sentences to run consecutively if the court finds by a preponderance of the evidence" that one or more statutory factors apply. T.C.A. § 40-35-115(b). These factors include a determination that "[t]he defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood," a determination that [t]he defendant is an offender whose record of criminal activity is extensive," and a determination that "[t]he defendant is [being] sentenced for an offense committed while on probation." T.C.A. §40-35-115(b)(1), (2) & (6). After receiving evidence including the defendant's presentence report and testimony from several of the defendant's victims, the trial court determined that the latter two factors were present by a preponderance of the evidence.

Our review of the defendant's presentence report leads us to conclude that the trial court correctly concluded that these two factors were present. The presentence report reflects that the defendant has over twenty prior convictions, many of which are felonies. The defendant's record includes multiple convictions for aggravated burglary, burglary, and theft. In addition, the presentence report reflects that the defendant was sentenced to an effective sentence of eighteen months of probation on December 3, 2009, as a result of consecutive sentences stemming from his convictions for theft and observation without consent on November 17, 2009.[1] In sum, the record fully supports—and the defendant does not appear to dispute—that the trial court properly found that the defendant's criminal history was extensive and that he committed the current offenses while on probation. Two factors supportive of consecutive sentencing were present.

However, the defendant claims that "[t]he effective county jail sentence of almost sixteen years is unconscionable and clearly reflects an abuse of discretion." The defendant points out that the total number of his convictions greatly exceeds the number of his criminal acts, and "[t]hese were all misdemeanors." The defendant claims that his effective sentence does not "reasonably relate to the severity of [his] offenses," as the defendant urges is required by *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995).

The twenty-five consecutive sentences imposed in this case might be viewed by some as extreme. The defendant, who committed only misdemeanors, received an effective sentence of almost sixteen years—a sentence that would normally be reserved for someone committing an upper-level felony. However, the damage caused and danger posed by this defendant might be viewed as equally extreme. The victim impact statements contained in the defendant's presentence report make clear that the defendant's most recent crime spree—which involved trespassing onto numerous peoples' property, climbing up a ladder, and viewing women of all ages in a vulnerable state—caused a reign of terror in the affected community. Numerous woman discussed at length the depth of the psychological harm they suffered as a result of the defendant's actions. Many victims reported difficulty sleeping and fear of being alone. Some had to move in an effort to escape the haunting memories.

In addition, the criminal justice system has afforded this particular defendant numerous opportunities to rehabilitate himself, without any appreciable success. His criminal record may be charitably labeled as "extensive." During his twenty-year criminal history, the defendant has committed more than twenty crimes—ten of which were felonies. The defendant committed the various "peeping Tom" violations at issue here while he was on probation for committing precisely the same type of crime.

---

[1] The defendant was also charged with criminal trespass on that same date, although this charge was later dismissed by the State.

The defendant's criminal conduct appears to be escalating over time. The writing on the wall appears plain and unambiguous. The trial court expressed concern that the defendant's escalating course of conduct would ultimately result in even greater harm to the public, and we agree. In light of the serious harm that the defendant had already inflicted on the community by placing it into a constant state of fear, the trial court was not required to wait for someone to be hospitalized or killed before taking aggressive action. We discern no abuse of discretion in the trial court's decision that the defendant's offenses were serious enough to merit the maximum punishment permissible under law.

## II. DENIAL OF GOOD CONDUCT CREDITS

The defendant claims that the trial court erred by ordering as a special condition of each of his sentences imposed on April 16, 2012, that he receive no "good time" credit. It is well-settled law that a defendant who is sentenced to county jail for less than one year has a statutory right to earn good conduct credits. *See* T.C.A. § 41-2-111(b). This statutory right may not be abridged by the trial court. *State v. Clark*, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001). The judgments imposed are reversed in part accordingly, and the case is remanded for entry of appropriate orders.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court in regard to ordering the denial of the defendant's "good time" credits are reversed, and the case is remanded for entry of orders deleting these requirements. In all other respects, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE